BOWMAN, Circuit Judge.
Lyndale Walker, a state prisoner in Arkansas, appeals from the decision of the District Court[1] dismissing his 42 U.S.C. § 1983 (1994) complaint as frivolous pursuant 28 U.S.C. § 1915(d) (1994).[2] We review a § 1915(d) dismissal for abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, 33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Finding none, we affirm.
In his pro se complaint, Walker alleges that he “slipped , and fell” because of water on the floor in the Cummins Unit’s # 7 barracks bathroom, injuring his arm and shoulder. According to Walker, water had accumulated on the floor because of leaks from the shower wall and from the sinks. He contends that, for approximately ten months before his fall and two months after, a number of inmates and at least one corrections officer also had fallen in the bathroom because of water on the floor. Walker’s complaint states that defendants “in the exercise of ordinary care” should have discovered “the defects or unsafe conditions.” He concludes, “The defendant’s was negligent and that such negligence was the proximate cause of my injury.”
To state a cognizable claim under § 1983, a plaintiffs complaint must allege that the conduct of a defendant acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. See 42 U.S.C. § 1983; Hamilton v. Schriro, 74 F.3d 1545, 1549 (8th Cir.), cert. denied, — U.S, -, 117 S.Ct. 193, 136 L.Ed.2d 130 (1996). It is true that we hold Walker’s pro se complaint “to less stringent standards than formal pleadings drafted by lawyers.” Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam). But “the liberal pleading standard of Haines applies only to a plaintiffs factual allegations.” Neitzke v. Williams, 490 U.S. 319, 330 n. 9, 109 S.Ct. 1827, 1834 n. 9, 104 L.Ed.2d 338 (1989). Nowhere in the complaint does Walker invoke his constitutional rights or allege any violation of the Constitution or federal law; he alleges only a claim for negligence. As the District Court *158 concluded here, mere negligence on the part of prison officials is not a violation of a state prisoner’s due process rights under the Fourteenth Amendment. See Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986). Although the District Court did not reach the question, we note that neither does prison officials’ simple negligence amount to a violation of the Eighth Amendment prohibition against cruel and unusual punishment for inhumane conditions of confinement. See Farmer v. Brennan, 511 U.S. 825, 835, 114 S.Ct. 1970, 1978, 128 L.Ed.2d 811 (1994); Tribble v. Arkansas Dept. of Human Servs., 77 F.3d 268, 270 (8th Cir.1996). Thus Walker’s § 1983 complaint “lacks'an arguable basis ... in law” and is frivolous under § 1915(d). Neitzke, 490 U.S. at 325, 109 S.Ct. at 1831.
We do not reach the question of whether the conditions Walker describes could ever amount to a cognizable § 1983 claim. We simply hold that the District Court did not abuse its discretion by dismissing Walker’s case, as presented, as frivolous.[3]
The judgment of the District Court is affirmed.

. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, adopting the Proposed Findings and Recommendation of the Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas.

. The District Court dismissed Walker’s complaint before the defendants were served. After preliminaiy review, this Court asked the defendants nevertheless to submit a brief on the issues. The Arkansas attorney general's office accommodated our request by filing a brief as aniicus curiae.

. We note that the dismissal was without prejudice to Walker's refiling. It is clear from Walker's written objections to the proposed recommendation that Walker has the legal expertise necessary to bring a pro se complaint alleging a constitutional violation. He did not do so here, however.